UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NELVIN ELEAZAR MIRANDA-MEJIA,

Petitioner,

v.

CAUSE NO. 3:26cv735 DRL-SJF

BRIAN ENGLISH,

Respondent.

OPINION AND ORDER

Immigration detainee Nelvin Eleazar Miranda-Mejia filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. The respondent answered the petition, and Mr. Miranda-Mejia filed a reply. The petition is ready to be decided.

Mr. Miranda-Mejia is a dual citizen of Mexico and Guatemala who first entered the United States in 2002. On June 3, 2016, he was convicted of aggravated assault and unlawful possession of a weapon in New Jersey. On January 5, 2017, an immigration judge ordered him removed to Guatemala. On February 8, 2017, he was removed to Guatemala. Mr. Miranda-Mejia reentered the United States in January 2020. On June 8, 2022, United States Immigration and Customs Enforcement (ICE) detained him. On December 4, 2024, an immigration judge ordered him removed to Guatemala but deferred removal to Guatemala and Mexico pursuant to the Convention Against Torture. On May 30, 2025, the Board of Immigration Appeals affirmed the order deferring removal. Mr. Miranda-Mejia is currently held at the Miami Correctional Facility.

On June 11, 2026, an ICE official attested that the government is seeking to remove Mr. Miranda-Mejia to a third country. He further attested that the government will remove Mr. Miranda-Mejia once a third country is identified.

The respondent first argues that the court lacks subject matter jurisdiction over Mr. Miranda-Mejia's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). The court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For reasons given before, jurisdiction is secure insofar as this opinion goes. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.).

Turning to the merits, 8 U.S.C. § 1231(a)(6) gives the government the authority to detain a noncitizen while it effectuates a removal order. All noncitizens must be detained for a 90-day "removal period," which for Mr. Miranda-Mejia ended in September 2025. *See* 8 U.S.C. §§ 231(a)(1)(A), (a)(2)(A). Beyond this 90-day period, certain classes of noncitizens may be detained longer—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period"

or released on conditions of supervision. 8 U.S.C. § 1231(a)(6).[1] The Warden relies on Section 1231(a)(6) as the basis for Mr. Miranda-Mejia's current detention.

"The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law," and "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To avoid a constitutional due process problem with § 1231(a)(6), and specific to a noncitizen who is present within this country and who is ordered removed, the law requires that his detention be limited to a reasonable time—namely "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also id.* at 682, 690-91.

Any § 1231(a)(6) detention of a present-but-ordered-removed noncitizen has this limitation, as it guards against the possibility that he might be indefinitely detained should his removal not be reasonably achievable. His indefinite detention would raise a serious constitutional problem. *Id.* at 690; *see also Clark v. Suarez Martinez*, 543 U.S. 371, 378 (2005) (same). In short, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699.

The historic writ of habeas corpus grants a federal court the authority to review a noncitizen's detention and to decide independently whether "a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to

---

[1] For noncitizens who don't fall in these categories, if they are not removed during the 90-day removal period, they must be released, subject to conditions of supervision. 8 U.S.C. § 1231(a)(3).

secure removal." *Id.*; *see also* 28 U.S.C. § 2241(c)(3). "In answering that basic question, the habeas court must ask whether detention exceeds a period reasonably necessary to secure removal" and "should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. When removal proves reasonably foreseeable, the court can consider other factors (such as risk of crime) and often will deny habeas relief; whereas, when removal seems attenuated or unlikely, the court will order the individual's release, albeit conditioned on appropriate terms of supervision and the noncitizen's compliance with these terms. *See id.* at 699-700. After all, the choice isn't between detention and a noncitizen "living at large," but between detention and a noncitizen's supervised release on conditions that he cannot violate. *Id.* at 696.

The law materially defers these difficult judgments to the Executive Branch for a six-month period during which detention is considered presumptively reasonable to execute a removal order. *Id.* at 700-01. Even thereafter, the court listens with care when the government's "foreign policy judgments" — such as the status of repatriation negotiations — are implicated and otherwise affords "appropriate leeway when its judgments rest upon foreign policy expertise." *Id.* at 700. A noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. But "once [he] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* (cleaned up); *see also Suarez Martinez*, 543 U.S. at 385-86.

4

The petitioner bears the initial burden, and the court sees no reason today to alter this. *See* 28 U.S.C. § 2241; *Zadvydas*, 533 U.S. at 700; *see also Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Nor must the court engage the same constitutional dilemma that § 1231(a)(6) could present merely because this is a second period of detention and not his first. *See Zadvydas*, 533 U.S. at 690. The court may consider not just what led to his original detention and release years ago, to the extent still pertinent, but also what circumstances newly exist today. Despite the old adage, past isn't always prologue in this context, and just because removal couldn't occur before doesn't mean it can't reasonably occur today under renewed efforts. At the same time, nothing in § 1231(a)(6) and nothing in *Zadvydas* suggests that the mere passage of time erases everything about the initial showing to make it all irrelevant. *See also Vu v. English*, No. 3:25cv999, 2026 WL 194171, 11-14 (N.D. Ind. Jan. 26, 2026) (Leichty, J.); *cf. Kem v. Noem*, No. 3:25cv997, 2026 WL 100566, 10-11 (N.D. Ind. Jan. 14, 2026) (Leichty, J.).[2] After all, as the period of confinement grows, what qualifies as a reasonably foreseeable future conversely must shrink. *Id.* at 701.

Because Mr. Miranda-Mejia has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable. To start, the parties do not dispute that Mr. Miranda-Mejia cannot be removed to Guatemala or Mexico due to the order deferring removal to these countries. Further, Mr. Miranda-Mejia's post-removal order detention now spans more than one year with no indication that the government has taken

---

[2] No one should read either *Vu* or *Kem* as indicating that an original showing always remains gospel or shifting the burden.

any specific measures to effectuate his removal to other countries. The court finds that Mr. Miranda-Mejia met his preliminary burden of showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers an attestation that the government is seeking appropriate third countries for removal. This vague attestation doesn't demonstrate that Mr. Miranda-Mejia's removal is likely to occur within the reasonably foreseeable future. It does not explain why no candidate countries have been identified after more than a year of post-removal order detention or when such an identification might occur. It does not describe the process for identifying third countries or any specific cause for the lengthy delay. It does not suggest that the government is in the process of preparing a formal request to a third country or any basis for the delay in submitting such a request. It does not provide any insight as to when these countries might reach a decision once a formal request has been submitted or the likelihood that these countries will accept Mr. Miranda-Mejia for removal and issue travel documents. In short, the government has not shown a likelihood of Mr. Miranda-Mejia's removal in the reasonably foreseeable future. Therefore, the respondent must release Mr. Miranda-Mejia under *Zadvydas*. Efforts to remove him may continue during his release on conditions of supervision.

For these reasons, the court:

(1) GRANTS the petition for writ of habeas corpus [2] and ORDERS the respondent to release Nelvin Eleazar Miranda Mejia on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **June 26, 2026**; and

(2) DIRECTS the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release.

SO ORDERED.

June 24, 2026

*s/ Damon R. Leichty*
Judge, United States District Court